USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Pedro Liz, on behalf of himself and all others similarly situated,**<br><br>        **Plaintiff,**<br><br>-against-<br><br>**A Perfect Dealer, Inc.,**<br><br>        **Defendant.** | 1:23-cv-10670 (JLR) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is an unopposed Letter Motion by Plaintiff Pedro Liz ("Plaintiff") to compel Defendant A Perfect Dealer, Inc. ("Defendant") to respond to outstanding discovery requests. (Pl.'s 9/13/24 Ltr. Mot., ECF No. 18.) For the reasons set forth below, Plaintiff's Letter Motion is GRANTED.

**BACKGROUND**

On December 7, 2023, Plaintiff initiated this action by filing the Complaint alleging claims under the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA"), the New York State Human Rights Law and the New York City Human Rights Law alleging that that the Defendant had failed to design, construct, maintain and operate its website to be fully accessible and usable by Plaintiff and other blind or visually impaired persons. (Pl.'s 9/13/24 Ltr. Mot. at 1; *see also* Compl., ECF No. 1.) On January 5, 2024, Plaintiff served discovery requests on Defendant's counsel, including a request for production of documents, a request for admissions, interrogatories and a

notice of deposition.[1] (Pl.'s 9/13/24 Ltr. Mot. at 1.) Defendant responded to the request for admissions, but has not produced documents, responded to interrogatories or identified the name of a deposition witness. (*Id*.)

On June 25, 2024, the case was referred to the undersigned for general pretrial supervision. (Order of Reference, ECF No. 13.) On July 30, 2024, the undersigned held an Initial Pretrial Conference pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. (7/30/24 Minute Entry.) According to Plaintiff's counsel, Defendant's counsel stated during the conference that discovery responses would be produced within 30 days.[2] (Pl.'s 9/13/24 Ltr. Mot. at 1.) On August 1, 2024, Defendant's counsel sent an email to Plaintiff's counsel confirming that discovery responses would be served by August 29, 2024. (*Id*.)

On August 29, 2024, Plaintiff's counsel wrote to Defendant's counsel inquiring about the discovery responses since the responses had not been received. (*See* Pl.'s 9/13/24 Ltr. Mot. at 1.) Plaintiff's counsel also sent three follow-up emails to Defendant's counsel. (*Id.*) However, Defendant's counsel failed to respond. (*Id*.)

On September 13, 2024, Plaintiff's counsel filed the Letter Motion to compel that now is before the Court. (*See* Pl.'s 9/13/24 Ltr. Mot.) Pursuant to the undersigned's Individual Practices, a response to the Letter Motion was due to be filed by September 18, 2024 (*i.e.*, "within three

---

[1] According to Plaintiff, his discovery requests "revolve[] around the Defendant's policies, procedure, and efforts to make their website ADA compliant." (Pl.'s 9/13/24 Ltr. Mot. at 2.) By way of example, Plaintiff seeks "documents relating to the checking, testing or confirming data as to whether the Defendant's website is equally accessible to the visually impaired, including, without limitation, whether the website is compatible with screen reading software and/or complies with WCAG 2.1." (*Id*.)

[2] It appears that neither party ordered a copy of the transcript for the conference, and the undersigned has not confirmed what statements Plaintiff's counsel made during the conference regarding responses to discovery requests.

business days of the moving letter"). (Individual Practices § II.B.1.) To date, Defendant's counsel has failed to timely respond to the Letter Motion.

## LEGAL STANDARDS

Rule 26(b) of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 33, a party may serve on another party interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). In this Court, by local rule, "at the commencement of discovery," interrogatories are "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Local Civ. R. 33.3(a). Under Rule 34(a), "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . [documents] in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A).

Under Rule 37, "[a] party seeking discovery may move for an order compelling an answer [or] production. . . if . . . a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(1). It is beyond peradventure that "[m]otions to compel are left to the court's sound discretion." *Mirra v. Jordan*, No. 13-CV-95519 (KNF), 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016).

**DISCUSSION**

The Court, in its discretion, hereby grants Plaintiff's motion to compel on two independent grounds. First, the Court grants the motion as unopposed. See *Freudenvoll v. Target Corp.*, No. 13-CV-06197L (MWP), 2013 WL 6243706, at *1 (W.D.N.Y. Dec. 3, 2013) ("Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion."). Second, based on Plaintiff's description of the documents and information sought (*see* Pl.'s 9/13/24 Ltr. Mot. at 2), the Court finds that the requests are relevant and proportional to the needs of this case.[3] *See* Fed. R. Civ. P. 26(b)(1).

**CONCLUSION**

For the foregoing reasons, Plaintiff's Letter Motion is GRANTED. It is hereby ORDERED that, no later than Friday, September 27, 2024, Defendant shall (1) respond to Plaintiff's interrogatories; (2) produce documents responsive to Plaintiff's document requests; and (3) identify to Plaintiff the name of the witness who will be testifying at deposition on behalf of the Defendant, and supply four dates in the next 60 days when such witness is available to testify. If Defendant fails to fully comply with the foregoing Order, sanctions shall be imposed upon Defendant. *See* Fed. R. Civ. P. 37(b)(2)(A). In the event that Defendant fails to timely comply with the foregoing Order, Plaintiff shall file a letter to the ECF docket no later than October 1, 2024, advising the Court of Defendant's noncompliance.

**SO ORDERED.**

---

[3] Defendant, however, may object to any interrogatories that are beyond the scope permitted by Local Civil Rule 33.3.

Dated: New York, New York
September 20, 2024

_____
STEWART D. AARON
United States Magistrate Judge

5